IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. STATE OF CALIFORNIA, EVELYN LI, M.D.,<br><br>        Plaintiffs,<br><br>    v.<br><br>WASHINGTON TOWNSHIP HEALTH CARE DISTRICT, WASHINGTON HOSPITAL HEALTH CARE SYSTEM, ST. ROSE HOSPITAL, NANCY FARBER, MICHAEL MAHONEY, CALIFORNIA HOSPITALIST MEDICAL CORPORATION and DOES 1 through 100 inclusive,<br><br>        Defendants.<br>                                                              / | No. C 06-00261 WHA<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** |

On June 26, 2006, plaintiff Evelyn Li, M.D. requested voluntary dismissal of her *qui tam* action under the False Claims Act and the California False Claims Act. The United States and California had both declined to intervene in this action. The United States and California have also both consented to dismissal of the action. Plaintiff has stated that she is receiving no compensation from defendants for the dismissal, nor have any of defendants been served. Having reviewed supplemental submissions from plaintiff, the United States, and California, this order **GRANTS** voluntary dismissal of this action without prejudice.

The United States has broad discretion to seek dismissal of a *qui tam* action. "[T]he decision to dismiss has been likened to a matter within the government's prosecutorial

1 discretion in enforcing federal laws." *Sequoia Orange Co. v. Baird-Neece Packing Corp.*,
2 151 F.3d 1139, 1143 (9th Cir. 1998) (citation omitted). Indeed, the United States can even
3 obtain dismissal of a *qui tam* action *over a relator's objections*, even if *potentially meritorious*,
4 provided that the Attorney General articulates how the dismissal is rationally related to a
5 legitimate government purpose. *Id*. at 1145. Such legitimate government purposes include
6 consideration of cost. "[T]he government can legitimately consider the burden imposed on the
7 taxpayers by its litigation." *Id*. at 1145. The United States submits it is unwilling to currently
8 bear the cost of pursuing Li's *qui tam* action. This is a sufficient justification to approve
9 dismissal of this action under the False Claims Act.

10 Likewise, the State of California's approval of plaintiff's request for voluntary dismissal
11 is sufficient. "The California False Claims Act is patterned similar federal legislation."
12 *Laraway v. Sutro & Co. Inc.*, 96 Cal. App. 4th 266, 274 (2002) (citation omitted). Accordingly,
13 the "good cause" required for California to dismiss a *qui tam* action under CFCA exists "where
14 the dismissal is rationally related to a legitimate government purpose, and not arbitrary,
15 capricious, made in bad faith, based on improper or illegal motives, founded on an inadequate
16 investigation, or pretextual." *Id*. at 275–76. As with the United States, California has
17 concluded after investigation that Li's *qui tam* action fails to warrant expenditure of state funds,
18 particularly given the difficulty of proving the type of illegal-kickback scheme alleged in
19 plaintiff's complaint (Br. 4). This rationale for approving dismissal is rationally related to
20 legitimate purposes, and no indication of any improper motive has been found.

21 Where a relator's request for voluntary dismissal is validly approved by the government,
22 the only other standard in play is the liberal standard for voluntary dismissal under Federal Rule
23 of Civil Procedure 41(a)(2). *See, e.g.*, *Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir.
24 2003). In this circuit, "[a] district court should grant a motion for voluntary dismissal under
25 Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a
26 result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Here, given that defendants have
27 not even been served, it is clear that they will suffer no legal prejudice by allowing voluntary
28 dismissal.

Dismissal of *qui tam* actions should ordinarily be without prejudice. There is no reason to deviate from this rule here. *See McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1397 (9th Cir. 1992).

For the foregoing reasons, plaintiff Li's action is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: July 21, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3